# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Vincent M. Hatcher,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondents | CV-07-0377-PHX-JWS (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Winslow, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 20, 2007 (#1). On May 22, 2007, Respondents filed their Answer (#9), which was supplemented (#12) on December 4, 2007. Petitioner filed a Traverse on June 22, 2007 (#10).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

In denying Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows: "On April 28, 2003, Hatcher got into an argument with another man, hit him in the face with a gun, and later fired the gun at a moving car." (Answer, #9, Exhibit O, Mem. Dec. at 2.) (Exhibits to the Answer, #9, as Supplemented,

#12, are referenced hereinafter as "Exhibit ___.")

**B. PROCEEDINGS AT TRIAL**

Petitioner was charged with possession or use of narcotic drugs, disorderly conduct, and unlawful discharge of a firearm. (Exhibit A1, Information 5/8/03.) Petitioner proceeded to trial with appointed counsel, unsuccessfully moving for appointment of new counsel just prior to trial and again at the close of the evidence. Petitioner was convicted on all three counts. (Exhibit O, Mem. Dec. at 2-4.)

The state alleged that Petitioner had been convicted of, *inter alia*, homicide in 1974 and robbery in 1982. (Exhibit A1, Second Amended Allegation of Prior Offenses 10/1/03; *id.* at Supplemental Allegation of Priors 10/1/03.) Petitioner proceeded to trial on the priors, with the court finding both the homicide and the robbery to be historical prior felonies, and relying upon them to aggravate his sentences on each count. (Exhibit O, Mem. Dec. at 4.)

Evidence to support the 1973 New Jersey Conviction was limited to Petitioner's confession upon arrest to a prior for "manslaughter," and a copy of a New Jersey Presentence Report from 1981 charges, which in discussing Petitioner's previous incarcerations noted that "[o]n 6/20/74 the defendant was sentenced to a term of 9 to 10 years at NJSP to a charge of murder." (Exhibit M, Answering Brief at n. 17; *Id.* at Exhibits.)  Under the Arizona sentencing statute, because the conviction was more than ten years old it could only be used as a historical prior if it was a "forever prior." Ariz. Rev. Stat. § 13-604(V) (2004) (now § 13-604(W)).  The prosecution argued that the conviction qualified as such a forever prior because it either had a mandatory prison term or involved the intentional or knowing infliction of serious physical injury. (Exhibit P1, Petition for Review at 8.) *See* Ariz. Rev. Stat. § 13-604(W)(2)(a)(i) and (ii) (2007) (identifying historical priors with no time limitation).

On April 15, 2004, Petitioner was sentenced to concurrent sentences of 9 years on the narcotics count, 3.75 years on the disorderly conduct count, and 3.75 years on the unlawful discharge count. (Exhibit B, Sentence 4/15/04.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a Notice of Appeal on April 20, 2004. (Exhibit A2, Notice of Appeal.) Counsel was appointed, and filed an Opening Brief asserting two issues for appeal:

    (1) **Right of Self-Representation** - That the trial court denied Petitioner's due process rights when it failed to conduct a hearing on Petitioner's request to present his own closing argument pursuant to his Sixth Amendment right to represent himself; and

    (2) **Proof of Prior Conviction** - That the trial court erred when it accepted the prior conviction on homicide without proof required under the state statute.

(Exhibit I, Opening Brief at 8.)

Petitioner filed a Supplemental Opening Brief, asserting that he was denied his Sixth Amendment right to adequate counsel due to the irretrievable breakdown in communication between Petitioner and his trial counsel. (Exhibit J.) The Arizona Court of Appeals treated this as a motion to supplement, and denied it on the basis that Petitioner was not entitled to hybrid representation. (Exhibit K, Order 1/6/05.)

Petitioner's appellate counsel filed a Reply Brief, arguing not only the denial of Petitioner's right to represent himself, but also that the trial court erred in failing to inquire into the troubled relationship between Petitioner and his counsel; and arguing that insufficient evidence of the nature of the prior was presented under *Shepherd v. United States*, 544 U.S. 13, 125 S.Ct. 1254 (2005). (Exhibit N.)

On August 16, 2005, the Arizona Court of Appeals denied Petitioner's direct appeal. (Exhibit O, Mem. Dec.) The court recognized the right to self representation under *Faretta v. California*, 422 U.S. 806, 836 (1975), but found no right to hybrid representation, and found that the trial court had not abused its discretion in not holding a hearing on either Petitioner's motion to add to the closing arguments, or on the breakdown in communications with counsel. (Exhibit O at 5-9.) The court also found that the historical prior was established by clear and convincing evidence.

Petitioner then sought review by the Arizona Supreme Court, challenging only the

finding of a historical prior under the Sixth and Fourteenth Amendment guarantees of a jury, pursuant to *Shepherd v. United States*, 125 S.Ct. 1254 (2005). (Exhibit P1.) On March 15, 2006, that petition for review was denied by the Arizona Supreme Court. (Exhibit Q.)

Petitioner then sought *certiorari* review by the U.S. Supreme Court, which was denied on October 30, 2006. (Exhibit R.)

## D. PROCEEDINGS ON POST-CONVICTION RELIEF

### 1. First PCR Proceeding

On April 23, 2004, just after filing his Notice of Appeal, Petitioner filed a Notice of Post-Conviction Relief. (Exhibit S, Notice of PCR.) Counsel was appointed, and a timetable for filing the petition set. (Exhibit T, M.E. 4/29/04; Exhibit B, M.E. 5/3/04.) On June 2, 2004, Petitioner filed a motion to withdraw the Notice of Post-Conviction Relief without prejudice. (Exhibit U, Docket.) On June 4, 2004, that PCR proceeding was dismissed. (Exhibit V, M.E. 6/2/4.)

### 2. Second PCR Proceeding

On March 31, 2006, following the denial of review by the Arizona Supreme Court on direct appeal, Petitioner filed a second Notice of Post-Conviction Relief. (Exhibit W.) Counsel was appointed, and a time table for briefing set. (Exhibit X, M.E. 4/10/06.) Counsel moved to withdraw on the basis of a conflict of interest in light of the expected claim of ineffective assistance. (Exhibit Y, Motion to Withdraw.) New counsel was appointed, and trial counsel was directed to produce defendant's file to PCR counsel. (Exhibit Z, M.E. 6/7/06.) PCR Counsel filed a Notice of Completion of Review, reflecting an inability to find an issue for review. (Exhibit AA.) Counsel was ordered to remain in an advisory capacity, and Petitioner was granted an extension of time to file a *pro per* petition. (Exhibit BB, M.E. 8/18/06.) Petitioner did not do so, and on November 6, 2006, the proceeding was summarily dismissed. (Exhibit CC, M.E. 11/6/06.)

## E. PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner commenced the instant federal proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 20, 2007 (#1). Petitioner asserts the following grounds for relief:

1. **Ex Post Facto** - Petitioner's sentence was a violation of the *Ex Post Facto* Clause because it utilized a 1973 New Jersey conviction under a 2003 offense definition to aggravate Petitioner's sentence.

2. **Stale Prior Conviction** - Petitioner's sentence was a violation of the Due Process Clause of the Fourteenth Amendment, because it relied on the 1973 New Jersey conviction which was beyond the 10 year limitation under Ariz. Rev. Stat. § 13-604(V) for such priors, thus denying him his right to be sentenced on "accurate and true information."

3. **Cruel and Unusual Punishment** - Use of the 1973 prior resulted in cruel and unusual punishment.

4. **Ineffective Assistance of Counsel** - Trial counsel was ineffective for failing to investigate the propriety of the use of the 1973 New Jersey conviction to aggravate Petitioner's sentence.

Respondents filed their Answer (#9) on May 22, 2007, arguing that Petitioner has failed to exhaust any of his grounds for relief, and they are now procedurally defaulted.

Petitioner filed a Reply (#10) on June 22, 2007, arguing at length the merits of his claims (*id.* at 1-21), and that despite his persistent requests appellate counsel Corey and PCR counsel Droban had refused to raise the claims raised in this habeas proceeding (*id.* at 22-26).

On November 29, 2007, the Court ordered Respondents to supplement the record to include complete copies of documents purportedly attaches to the Answer as Exhibits Y and CC. (Order 11/29/07, #11.)  On December 4, 2007, Respondents complied by filing their Notice of Filing Requested Exhibits (#12).

/ /

/ /

# III. APPLICATION OF LAW TO FACTS

## A. EXHAUSTION AND PROCEDURAL DEFAULT

Respondents argue that Petitioner did not present his federal claims to the state courts and thus failed to exhaust his state remedies, and he has now procedurally defaulted. Petitioner argues that appellate and PCR counsel failed to raise the claims.

### 1. Exhaustion Requirement

**Exhaustion Required** -Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

**Proper Proceeding** - Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).[1]

**Fair Presentment** - To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon

---

[1] Respondents argue in a footnote that *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) implicitly overruled *Swoopes*. (Answer, #9 at 15 n. 3.) Even if this Court were persuaded by Respondents argument, *Castillo* was post *Baldwin*, and even cited to *Baldwin*, and yet maintained the holding of *Swoopes*. Accordingly, this Court continues to be bound by *Swoopes*.

his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

Failure to so alert the state court to the constitutional nature of the claim will amount to failure to exhaust state remedies. *Duncan v. Henry,* 513 U.S. at 366. While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor,* 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam). However, "a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

## 2. Unexhausted Grounds

No claims were asserted by Petitioner in either his first or second PCR Petition. The first proceeding was dismissed on Petitioner's motion. (Exhibit U, Docket; Exhibit V, M.E. 6/2/4.) The second was dismissed because Petitioner failed to file a *pro per* petition. (Exhibit CC, M.E. 11/6/06.) Accordingly, if any of his claims were properly exhausted, it could only have been by them being raised on direct appeal.

**Ground One - Ex Post Facto** - For his Ground One, Petitioner argues that his sentence was a violation of the *Ex Post Facto* Clause because it utilized a 1973 New Jersey conviction under a 2003 offense definition to aggravate Petitioner's sentence. Petitioner concedes that the claim was not exhausted. (Petition #1 at 5.) Petitioner did attack the evidentiary foundation of the prior conviction on direct appeal (Exhibit I), and argued to the Arizona Supreme Court that the finding of a historical violated the Sixth and Fourteenth Amendment guarantees of a jury. (Exhibit P1.) However, Petitioner never argued that the

- 7 -

conviction was a violation of the Ex Post Facto clause. Accordingly, the undersigned finds that this claim was not presented to the state courts and was not properly exhausted.

**Ground Two - Stale Prior Conviction** - For his Ground Two, Petitioner argues that his sentence was a violation of the Due Process Clause of the Fourteenth Amendment, and in particular his right to be sentenced on the basis of "accurate and true information," because it relied on the 1973 New Jersey conviction which did not qualify under Ariz. Rev. Stat. § 13-604(V) for such consideration beyond the ten year time limit. Petitioner alleges, without explanation, that he presented this claim to the state supreme court. (Petition, #1 at 6.)

The undersigned construes Petitioner to now assert in this habeas proceeding a claim under *Townsend v. Burke,* 334 U.S. 736 (1948), where the "prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue." *Id.* at 741. After noting that the sentencing court had relied upon prior charges which either did not involve the defendant, or on which he had been acquitted, the *Townsend* Court found that "[s]uch a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand." *Id.* at 741.[2] *See also U.S. v Lasky*, 592 F.2d 560, 562 (9th Cir. 1979) ("Due process is violated whenever a defendant is sentenced on the basis of information that is materially false or unreliable.").

Petitioner did attack the evidentiary foundation for the prior conviction on direct appeal, and argued that the lack of proof of the nature of the crime as a "forever prior" (i.e.

---

[2] Based on *Townsend* and it's progeny, Arizona has found a wide reaching due process right to be sentenced on accurate information.
> Convicted defendants have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592, 596 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693-94 (1948).

*State v. Grier*, 146 Ariz. 511, 515, 707 P.2d 309, 313 (1985). However, the holdings of *Townsend* and *Tucker* appear to be limited to using factual errors at sentencing to show prejudice from a failure to provide counsel, either in the current prosecution, as in *Townsend*, or in the prosecution being relied on as a prior conviction, as in *Tucker*.

- 8 -

one which was excepted from the normal currency requirements) rendered it stale. Thus he presented the factual basis of this claim. However, he did not assert in his opening brief that its use resulted in a violation of federal due process. Petitioner cited only state authorities in support of his claim, none of which rely on federal due process grounds. (*See* Exhibit I, Opening Brief at 12-13 (citing *State v. Spencer*, 176 Ariz. 36, 859 P.2d 146 (1973); *State v. Hauss*, 140 Ariz. 230, 231, 681 P.2d 382 (1984); *State v. Heath*, 198 Ariz. 83, 84, 7 P.3d 93 (2000)).)

It is true that in his Reply Brief to the Arizona Court of Appeals, Petitioner added a discussion of the U.S. Supreme Court's then recent decision in *Shepherd v. United States*, 544 U.S. 13, 125 S.Ct. 1254 (2005), in support of his claim that proof of the nature of a prior conviction "must be a matter of judicial record." (Exhibit N, Reply Brief at 5-6.)

In *Shepherd,* the Court was faced with "an issue of statutory interpretation," 544 U.S. at 23, under the federal Armed Career Criminal Act on the types of proof permissible to show a prior conviction established a predicate offense. The Court concluded that such proof was " limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26.

The only discussion of constitutional issues in *Shepherd* arose in Part III of Justice Souter's opinion, for which he failed to obtain majority support. *Id.* at 24. Only Justices Stevens, Scalia and Ginsburg joined in that part of the opinion, while Justices O'Connor, Kennedy and Breyer dissented in full, and Justice Thomas refused to join in Part III. Chief Justice Rehnquist took no part in the decision. Moreover, that constitutional discussion was limited to an acknowledgment that the Court's decision was consistent with the Sixth Amendment right to jury trial on sentencing factors as developed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. Thus, Petitioner's mere reference to *Shepherd* would not have alerted the Arizona Court of Appeals to a claim of a federal due process violation arising out of *Townsend* based on the inaccuracy (as opposed to the admissibility or

sufficiency) of the evidence.

In his Petition for Review to the Arizona Supreme Court, Petitioner went further and argued that under *Shepherd*, the court's fact finding authority was limited by the Sixth and Fourteenth Amendments' jury trial rights, citing to Part III of Justice Souter's opinion. (Exhibit P1 at 9-10.) Again, however, no reference was made to any federal due process right to be sentenced on the basis of "accurate and true information."

Moreover, even if Petitioner's more explicit argument under *Shepherd* had presented his *Townsend* claims to the Arizona Supreme Court, that would not be sufficient to establish exhaustion. "Whether a claim is exhausted through a direct appellate procedure, a post-conviction procedure, or both, the claim should be raised at all appellate stages afforded under state law as of right by that procedure." *Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure,* § 23.3b (4th ed. 1998)). Thus, "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor' . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.'" *Castille v. Peoples,* 489 U.S. 346, 351 (1989). Therefore, where a petitioner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them." *Casey,* 386 F.3d at 918.

Thus, the undersigned finds that Petitioner failed to fairly present to the state courts his claims raised in Ground Two of his Petition, and therefore this claim was not properly exhausted.

**Ground Three - Cruel and Unusual Punishment** - For Ground Three, Petitioner argues that the use of the 1973 prior resulted in cruel and unusual punishment. Petitioner alleges that this claim was "presented as illegal sentence in Writ of Certiorari to Arizona Court of Appeals as attached Exh. (A)." (Petition, #1 at 7.) However, Petitioner did not attach any exhibits to his Petition, and there is nothing in the record to reflect the filing of such a petition. The only petition for certiorari identified in the record is the one submitted

to the United States Supreme Court. (Exhibit R.) That would not exhaust Petitioner's *state* remedies.

Petitioner never made an argument of cruel and unusual punishment, and never referenced the Eighth Amendment on direct appeal. Accordingly, the undersigned finds that this claim was not presented to the state courts and was not properly exhausted.

**Ground Four - Ineffective Assistance of Counsel** - For Ground Four of his Petition, Petitioner argues that trial counsel was ineffective for failing to investigate the propriety of the use of the 1973 New Jersey conviction to aggravate Petitioner's sentence. Although he did argue denial of his right of self representation on direct appeal, Petitioner did not assert a claim of ineffective assistance.

It is true that Petitioner argued to the Arizona Court of Appeals in his Supplemental Opening Brief that he had a irreconcilable conflict with trial counsel. (Exhibit J, Supplemental Opening Brief.) However, that supplemental brief was rejected by the state courts as improperly filed, and therefore would not constitute fair presentation.[3]

Moreover, that argument did not extend to a claim that counsel was ineffective with regard to the New Jersey prior. "While new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not 'fundamentally alter the legal claim already considered by the state courts.'" *Beaty v. Stewart,* 303 F.3d 975, 989-990 (9th Cir. 2002).

Further, the fact that Petitioner presented related claims concerning the propriety of the New Jersey prior is not sufficient to raise the distinct claim of ineffective assistance with regard to that issue. *See Rose v. Palmateer*, 395 F.3d 1108, 1110-11 (9th Cir. 2005) (holding that a petitioner does not fairly present a Fifth Amendment claim to the state courts when it is merely discussed as one of several issues handled ineffectively by counsel).

**Summary re Exhaustion** - Based on the foregoing, the undersigned finds that

---

[3] Whether this rejection is analyzed as a procedural bar resulting from the rejection of this claim on an independent and adequate state ground, or as a failure to fairly present the claim in a proper manner, with the result that it is now procedurally defaulted, Petitioner is left in the same position: having to show cause and prejudice to excuse his failure to properly exhaust.

Petitioner has failed to exhaust his state remedies on each of his claims.

### 3. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) to establish the procedural default. (Answer, #9 at 19.) Because of the limited development of Arizona law on the exception for claims of "sufficient constitutional magnitude," *see Stewart v. Smith,* 536 U.S. 856 (2002), and the applicability of other clear procedural bars, the undersigned does not reach Respondents' argument on the applicability of that particular preclusion bar.

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31.

**Remedies by Post-Conviction Relief** - Petitioner can no longer exhaust the claims presented in his PCR proceedings. Rule 32.9(a), Ariz.R.Crim.P., allows a motion for rehearing to be filed within fifteen days of the decision of the trial court on a petition for post-conviction relief. Rule 32.9(c) requires petitions for review to the Arizona Court of Appeals be filed within thirty days of the trial court's decision on the PCR petition. Those deadlines have long ago passed.

Neither can Petitioner now seek review by a subsequent PCR Petition. Arizona Rule of Criminal Procedure 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment andسentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying Rule 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to his unexhausted claims. Nor does it appears that such exceptions in Rule 32.1 would apply to this claim. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction. Where a claim is based on

"newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Moreover, Petitioner makes no allegation that the facts underlying his claims were not previously known to him. Paragraph (f) has no application where the petitioner filed a timely notice of appeal or had no right to appeal, and the notice of post-conviction relief of-right applies only to first petitions filed within 90 days following a judgment based on a guilty or *nolo contendre* plea. *See* Ariz.R.Crim.P. 32.1 (defining when petition of-right). Paragraph (g) has no application because Petitioner has not asserted a change in the law occurring since his last state PCR petition. Finally, paragraph (h) has no application to any of Petitioner's unexhausted claims, none of which go to his guilt, but are only attacks upon the process at trial.

Accordingly, the undersigned must conclude that review through Arizona's post-conviction relief process is no longer possible.

**Cause and Prejudice** - The undersigned concludes that Petitioner has procedurally defaulted on his unexhausted claims. If a habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Petitioner's Reply (#10) offers no basis for a finding of cause and prejudice.

Petitioner does argue that his claims were not properly presented because, despite his persistent requests, appellate counsel Corey and PCR counsel Droban had refused to raise the claims raised in this habeas proceeding. (Reply, #10 at 22-26.) Ineffective assistance of counsel may constitute cause for failing to properly exhaust claims in state courts and thus excuse a procedural default. *Ortiz v. Stewart*, 149 F.3d 923, 932, (9th Cir. 1998). However, a claim of ineffective assistance of counsel showing "cause" is itself subject to the exhaustion requirements. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Edwards v. Carpenter*, 529 U.S. 446 (2000). Accordingly, "[t]o the extent that petitioner is alleging ineffective assistance of appellate counsel as cause for the default, the exhaustion doctrine requires him to first raise this ineffectiveness claim as a separate claim in state court." *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988).

1  Petitioner argues that he went to great lengths to complain to his appellate counsel's
2  supervisor and the State Bar of Arizona about appellate counsel's refusal to pursue his
3  unexhausted claims. (Reply, #10 at 25.) However, Petitioner did not seek relief from the
4  state courts through a post-conviction relief proceeding alleging ineffectiveness, nor did he
5  seek review of such claims with the Arizona Court of Appeals, and thus has never properly
6  exhausted a claim of ineffective assistance of appellate counsel. Accordingly, such a claim
7  may not now be relied upon to excuse his procedural default.

Further, to the extent that PCR counsel may have been ineffective, such ineffectiveness cannot establish cause to excuse a procedural default. To meet the "cause" requirement, the ineffective assistance of counsel must amount to an independent constitutional violation. *Ortiz*, 149 F.3d at 932. Accordingly, where no constitutional right to an attorney exists, ineffective assistance will not amount to cause excusing the state procedural default. *Id.* "Ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred. . . . The fact that counsel is appointed by the state court does not change the result, because counsel is not constitutionally required." *Smith v. State of Idaho*, 392 F.3d 350, 357 (9th Cir. 2004) (citations omitted). In *Patrick Poland v. Stewart,* 169 F. 3d 573 (9th Cir. 1999), the Ninth Circuit held that "[b]ecause there is no right to an attorney in state post-conviction proceedings, there cannot be constitutionally ineffective assistance of counsel in such proceedings." *Id*. at 588 (*quoting Coleman v. Thompson,* 501 U.S. 722, 752 (1991)). Having had no constitutional right to PCR counsel, Petitioner cannot now rely upon any deficient performance of such counsel to establish cause to excuse a procedural default.

It is true that on direct appeal, Petitioner filed a Supplemental Opening Brief asserting that he was denied his Sixth Amendment right to adequate counsel due to the irretrievable breakdown in communication between Petitioner and his trial counsel. (Exhibit J.) The Arizona Court of Appeals treated this as a motion to supplement, and denied it on the basis that Petitioner was not entitled to hybrid representation. (Exhibit K, Order 1/6/05.) In *Custer*

*v. Hill*, 378 F.3d 968 (9th Cir. 2004), the Ninth Circuit noted that the state court's spurning of efforts by a represented defendant to bring a claim *pro se* may be cause to excuse a procedural default. *Id.* at 975 (*citing Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997)). Even if this Court were to treat the rejection of this supplemental brief as cause to excuse a procedural default, that excuse would extend only to the claims that Petitioner sought to bring in that proceeding. Those claims extended to neither the ineffectiveness of PCR and appellate counsel as required to excuse Petitioner's failure to exhaust his claims herein, nor to the claims of ineffectiveness raised herein as a ground for relief. Accordingly, his failed attempt to supplement would not excuse his failure to exhaust the claims raised in this habeas proceeding.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may also be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Petitioner makes no argument that he is actually innocent of the crime of conviction.

Petitioner does attack the evidence relied upon at sentencing. In *Sawyer v. Whitley*, 505 U. S. 333 (1992), the Court extended the actual innocence exception to claims of capital sentencing error. Acknowledging that the concept of "actual innocence" did not translate neatly into the capital sentencing context, the Court limited the exception to cases in which the applicant could show "by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Id.* at 336. However, Petitioner did not receive the death penalty. In *Dretke v. Haley*, 541 U.S. 386, 393-394 (2004), the Court declined to address whether *Sawyer* also extended to actual innocence of a non-capital sentence, in that case a three-strikes sentence. The *Dretke* Court noted there was a divergence of opinion among the circuits on the issue. *Id.* at 392. The Ninth Circuit has not addressed the issue. *See* Fed.

Habeas Pract. Guide, *Procedural Default* § 64 (2007).

Even if the actual innocence exception extends to sentencing, Petitioner has not alleged that he is "actually innocent" of the enhancement based upon the New Jersey conviction. Petitioner simply argues that there was insufficient evidence presented to the trial court. The standard for "actual innocence" is the same as that applied in evaluating whether to allow successive habeas petitions. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). That standard was articulated in *Kuhlmann v. Wilson*, 477 U.S. 436 (1986) as follows:

> [T]he prisoner must "show a fair probability that, in the light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt."

Id. at 455, n. 17, quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970). A finding of "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence. *See U.S. v. Ratigan,* 351 F.3d 857 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence).

**<u>Summary Re Procedural Default</u>** - Petitioner has failed to exhaust his state remedies on the claims in his habeas petition. Those claims are now procedurally defaulted, and Petitioner has failed to show cause and prejudice or actual innocence to excuse that default. Accordingly, the Petition must be dismissed with prejudice.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed February 20, 2007 (#1) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

1 Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: March 26, 2008  _____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\07-0377-01r RR 07 11 26 re HC.wpd